## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Case No. CIV-11-1010-R** |
| | ) |
| **CHRISTIAN A. PEREZ, individually and** | ) |
| **d/b/a Tacos El Boliche #2 and Perez Boliche** | ) |
| **Enterprises, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Summary Judgment. Defendants did not respond in opposition to the motion. Having reviewed Plaintiff's uncontroverted evidence, the Court finds as follows.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Durham v. Xerox Corp.*, 18 F.3d 836, 838-39 (10th Cir.1994). Plaintiff's motion in this action relies in large part on Defendants' failure to respond to its Requests for Admissions, served on Defendants on April 6, 2012. Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request

is directed serves on the requesting party a written answer or objection addressed to the

matter and signed by the party or its attorney."  No answer or objection was filed by

Defendants, and thus the matters set forth therein, repeated herein as necessary, are deemed

admitted.  Furthermore, based on these admitted facts, Plaintiff is entitled to summary

judgment.

Plaintiff was granted the exclusive nationwide television distribution rights to

*"Number One: Floyd Mayweather, Jr. v. Juan Manuel Marquez Championship Fight*

*Program*[1]," (hereinafter "the Program") telecast on Saturday September 19, 2009.  Plaintiff

licensed its rights to various entities to permit public exhibition of the program, however,

none of the Defendants, including Defendant Tacos El Boliche #2, was one of those entities.

Defendants Perez and Perez Boliche Enterprises unlawfully intercepted and exhibited the

program at Tacos El Boliche #2, 740 Southwest 59th Street, Oklahoma City, Oklahoma

without the appropriate authorization and without paying the $2,200 licensing fee that would

have been required for an establishment of its size.  Nicolin Decker, on behalf of Plaintiff,

entered Tacos El Boliche #2 on September 19, 2009 at 9:56 p.m and noted its capacity was

approximately thirty people, there were twelve patrons, and she watched a portion of the

Program while there.  Defendant Perez was present when the fight was broadcast at Tacos

El Boliche #2. Defendants advertised the fight would be available for viewing. The program

was received at Tacos El Boliche #2 via diverted cable or satellite or by use of an illegal

---

[1] The Program included several under-card bouts, which is actually what the Plaintiff's representative observed being exhibited.  Exhibition of the under-card bouts required the sub-license for the Program.

decoder or an unauthorized satellite access card.  Defendants did not have the permission of

Plaintiff to exhibit the fight, which they did for financial gain.

The Court finds no genuine issues of material fact remain for resolution at trial and

further concludes that Defendant illegally intercepted the fight and broadcast the program at

Tacos El Boliche #2 on September 19, 2009 in violation of federal law, specifically either

47 U.S.C. § 605(a), part of the Communications Act of 1934, and § 553(a)(1), of the Cable

and Television Consumer Protection and Competition Act of 1992.[2]  The Court finds

Defendants are therefore liable to Plaintiff for violation of the act.  Furthermore, Defendant

Perez individually is liable as a result of his ability to control the entertainment provided at

Tacos El Boliche #2 and his presence at the restaurant on September 19, 2009.

As noted, the Court is proceeding with the damages under § 605.  Plaintiff seeks

statutory damages in the amount of $10,000, the maximum permitted by statute.  Plaintiff

also seeks enhanced damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which permits an

award of up to $100,000 when the "violation was committed willfully and for the purposes

---

[2]     Most courts have found that 47 U.S.C. § 605 applies to piracy of satellite
communications and 47 U.S.C. § 553 applies to piracy of cable broadcasts.
*See J & J Sports Productions, Inc. v. Aguilera*, 2010 WL 2362189, *2 (N.D.
Ill. June 11, 2010). In this case, plaintiff was unable to establish whether the
defendants intercepted satellite communications or a cable broadcast,
because defendants have failed to appear and defend the case.

*Joe Hand Promotions, Inc. v. Ducummon*, 2012 WL 1410262, *1 fn. 1 (N.D.Okla. 2012).  The same is true
in this case, and as in *Joe Hand*, the Court finds damages are available under either Act, and the Court's award
of damages does not exceed the cap for § 553, which is lower than the amount available for § 605 violations.
The Court hereby relies on § 605(e)(3)(C)(i)(I) and (II) as the basis for its damage award.

of direct or indirect commercial advantage or private financial gain."   47 U.S.C. §

605(e)(3)(C)(ii).  The Court hereby awards Plaintiff $10,000 in statutory damages and $5,000

in enhanced damages.  The Court finds this amount to operate as a sufficient deterrent to

Defendants and to others who may be tempted to avoid payment of the sub-licensing fee,

hoping to avoid detection, but concludes that there is no evidence that such an award will

preclude Defendants from continuing to operate their business.

　　　The Court further finds that Plaintiff is entitled to recover a reasonable attorneys' fee,

which in this case totals $3672.50 and costs of $450.00.[3]  47 U.S.C. § 605(e)(3)(B)(iii).

　　　For the reasons set forth herein, Plaintiff's motion for summary judgment is granted.

Judgment shall be entered in favor of the Plaintiff in the amount of $19,122.50.

　　　IT IS SO ORDERED this 31st day of July, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff originally sued the owner of the building, and apparently determined he was not an appropriate party.  The Court finds it unnecessary to tax the Defendants with the fees for Plaintiff's pursuit of the wrong person, and thus $450.00 has been deducted from Plaintiff's fee request, all amounts billed with notation to Defendant Esmaellzadeh.